1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7                 **DISTRICT OF NEVADA**
8                        * * *
9
10   UNITED STATES OF AMERICA,
                                                    2:10-cr-00124-PMP-RJJ
11          Plaintiff,
                                                    **ORDER**
12   v.
                                                    Defendant's Motion to
13   DARRYL OWEN WALIZER,                           Bifurcate Counts (#22)
14          Defendant.
15
16          This matter comes before the undersigned Magistrate Judge on Defendant's Motion to

17   Bifurcate Counts (#22).  The Court also considered the Government's Response (#24) and

18   Defendant's Reply (#28).

19                                  **BACKGROUND**

20          Defendant, Darryl Owen Walizer was indicted on March 16, 2010 on one court of

21   Coercion and Enticement in violation of 18 U.S.C. § 2422(b) and one count of Commission of a

22   Felony Sex Offense in violation of 18 U.S.C. § 2260A.  Walizer has a prior conviction for

23   Solicitation of a Juvenile to Commit a Felony in Bedford County, Virginia, and a prior

24   conviction for Importuning in Wayne County, Ohio.  Walizer is required to register as a sex

25   offender.

26          Walizer argues that the counts should be bifurcated because (1) trying the two counts

27   together will substantially prejudice him, (2) evidence of his prior acts would be admissible for

28   count two, but inadmissible for count one, and (3) a limiting jury instruction would be

insufficient to counter the prejudicial effect of trying the charges together.

1    The Government responds by arguing that it is proper to try the two counts together

2  because (1) they are of the same or similar character, (2) evidence of prior acts is admissible to

3  prove motive, intent, knowledge, or absence of mistake, and (3) Defendant will not be prejudiced

4  by trying them together.

5    In reply, Walizer reaffirms the arguments he made in his Motion (#22).

6  **DISCUSSION**

7  FEDERAL RULES OF CRIMINAL PROCEDURE 14(a) states:

8    If the joinder of offenses or defendants in an indictment, an information, or a
    consolidation for trial appears to prejudice a defendant or the government, the
9    court may order separate trials of counts, sever the defendants' trials, or provide
    any other relief that justice requires.

10
    Rule 14 sets a high standard for a showing of prejudice. *United States v. Vasquez-*

11
*Velasco*, 15 F.3d 833, 845 (9th Cir. 1994).  A defendant must prove "clear," "manifest," or

12
"undue" prejudice from an un-severed trial that is of such a magnitude that the defendant was

13
denied a fair trial." *Vasquez-Velasco*. at 845-46 (internal quotations and citations omitted).

14
    Walizer is charged in count one of the indictment with Coercion and Enticement in

15
violation of 18 U.S.C. § 2422(b) and in count two with Commission of a Felony Sex Offense in

16
violation of 18 U.S.C. § 2260A.  Section 2260A states:

17
    Whoever, being required by Federal or other law to register as a sex offender,
18    commits a felony offense involving a minor under section ... 2422 ...  shall be
    sentenced to a term of imprisonment of 10 years in addition to the imprisonment
19    imposed for the offense under that provision. The sentence imposed under this
    section shall be consecutive to any sentence imposed for the offense under that
20    provision.

21  Walizer was required to register as a sex offender due to previous convictions of Solicitation of a

22  Juvenile to Commit a Felony in Bedford County, Virginia and Importuning in Wayne County,

23  Ohio.  Walizer argues that evidence regarding these convictions admitted for count two, will

24  prejudice him as to the charge against him in count one.

25    Here, Walizer has failed to meet the burden required of him.  Evidence of his past

26  convictions would be admissible for his alleged § 2260A violation.  This same evidence may be

27  admissible for his alleged § 2422(b) violations to prove motive, intent, knowledge, or absence of

28  mistake.  Because the evidence would be admissible for both counts, Walizer will not be

1   prejudiced by trying both counts simultaneously.  An appropriate jury instruction can limit

2   possible prejudice, if any, during the trial.  There is no need to bifurcate the trial at this time.

3

4                                      **CONCLUSION**

5          Based on the foregoing, and good cause appearing therefore,

6          IT IS HEREBY ORDERED that Defendant's Motion to Bifurcate Counts (#22) is

7   **DENIED.**

8          DATED this 30th   day of December, 2010.

9

10

11          _____

12          ROBERT J. JOHNSTON
            United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28