1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DARRYL OWEN WALIZER,

     Defendant.

2:10-cr-00124-PMP-RJJ

**REPORT & RECOMMENDATION
OF UNITED STATES
MAGISTRATE JUDGE**

Defendant's Motion to Dismiss Count Two of
the Indictment or, Alternatively, Determine
the Elements and Proof Required For
Conviction (#25)

     This matter comes before the undersigned Magistrate Judge on Defendant's Motion to Dismiss Count Two of the Indictment or, Alternatively, Determine the Elements and Proof Required For Conviction (#25).  The Court also considered the Government's Response (#30) and Defendant's Reply (#33).

## BACKGROUND

     Darryl Owen Walizer was arrested on March 12, 2010, at the McCarran International Airport.  He went there in order to meet a 14-year-old girl named Alecia whose Texas flight was supposed to be arriving in Las Vegas.  He had met the girl over the internet, and had planned to engage in unlawful sexual relations with her.  In reality, Alecia was Detective Godwin of the Garland Police Department.  Walizer was indicted March 16, 2010, on one court of Coercion and Enticement in violation of 18 U.S.C. § 2422(b) and one count of Commission of a Felony Sex Offense by an Individual Required to Register as a Sex Offender in violation of 18 U.S.C. § 2260A.

     Walizer challenges the constitutionality of 18 U.S.C. § 2260A.  He argues that the question whether he was required to register as a sex offender must be submitted to a jury and

proven beyond a reasonable doubt.  He also asserts that the statute should be void for vagueness and further that it is unworkable because it does not designate the mental state necessary for conviction.  The Government disputes Walizer's claims.

**DISCUSSION**

**I.  Whether the Elements of 18 U.S.C. § 2260A Must Be Proven Beyond a Reasonable Doubt**

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).

Walizer has been charged with violating 18 U.S.C. § 2422(b) and 18 U.S.C. § 2260A Section 2422(b) reads:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

Section 2260A reads:

> Whoever, being required by Federal or other law to register as a sex offender, commits a felony offense involving a minor under section 1201, 1466A, 1470, 1591, 2241, 2242, 2243, 2244, 2245, 2251, 2251A, 2260, 2421, 2422, 2423, or 2425, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. The sentence imposed under this section shall be consecutive to any sentence imposed for the offense under that provision.

Walizer argues that whether he was required by Federal or other law to register as a sex offender must be proven to a jury beyond a reasonable doubt.  Defendant contends that the Supreme Court has instructed that all facts that increase a maximum penalty for a crime must be proven beyond a reasonable doubt.  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). Defendant argues that § 2260A "effectively increases the maximum penalty [he] faces if convicted of [violating § 2422(b)]."  Def. Motion (#25) at 2-3.  Walizer asserts that whether he was required by Federal, or other law, to register as a sex offender cannot be proven beyond a

2

1  reasonable doubt because § 2260A is unconstitutional.  Defendant claims that § 2260A is

2  unconstitutional because it is too vague, it cannot be practically applied, and because it lacks a

3  specific mens rea.

4       The Government asserts that there is no need to prove to a jury beyond a reasonable doubt

5  that Walizer was required to register as a sex offender because he is not exposed to an increase in

6  the maximum penalty for his alleged crime.  Because the maximum sentence for violation of

7  § 2422(b) is life imprisonment, the Government argues that the ten year, consecutive sentence

8  mandated by § 2260A does not increase Walizer's penalty.  Furthermore, the Government

9  contends that even if it does constitute an increase in the maximum penalty, the law is not vague,

10  is easily applied, and that there is a viable mens rea.

11       At issue is whether a fact must be presented to the jury or not.  Facts that, if found,

12  increase the maximum penalty a criminal defendant would receive must be presented to a jury.

13  *Apprendi* at 483.  However, "the introduction of evidence of a defendant's prior crimes risks

14  significant prejudice."  *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998) (holding

15  that allowing evidence of a previous conviction for an aggravated felony was too prejudicial to be

16  submitted to a jury).

17       Here, it must be shown that Walizer was required to register as a sex offender under

18  Federal or other law when he allegedly violated § 2422(b).  18 U.S.C. § 2260A.  In order to

19  prove that he was required to register, the Government would have to present evidence of

20  Walizer's previous convictions for Solicitation of a Juvenile to Commit a Felony in Bedford

21  County, Virginia and Importuning in Wayne County, Ohio.  Though ten years does increase the

22  maximum penalty Walizer faces[1], admitting evidence of his previous convictions would create a

23

24      [1]It is not uncommon for criminal defendants, when found guilty, to be sentenced to life

25  imprisonment plus a number of years or even consecutive life sentences.  *See e.g. United States v. Kaczynski*, 239 F.3d 1108, 1119 (9th Cir. 2001) (upholding a sentence for four consecutive life

26  sentences plus 30 years imprisonment); *Gratzer v. Mahoney*, 397 F.3d 686, 689 (9th Cir. 2005) (upholding a sentence of life imprisonment plus ten years); *United States v. Rosenbohm*, 564

27  F.3d 820, 821-22 (7th Cir. 2009) (upholding a sentence of life imprisonment plus 10 years

28  pursuant to § 2260A).

1   significant risk of prejudice.  In effect, evidence regarding whether Walizer must register as a sex

2   offender is so intertwined and bound up with the fact of prior conviction that it falls within the

3   exception carved out by the Supreme Court.  *See Almendarez-Torres* at 233-48 (holding that

4   evidence of prior conviction could not be admitted even though there was a twenty-year possible

5   increase in sentence); *See also Blakely v. Washington*, 542 U.S. 296, 301 (2004) (*quoting*

6   *Apprendi* at 490) (holding that "Other than the fact of a prior conviction, any fact that increases

7   the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury,

8   and proved beyond a reasonable doubt.").  Therefore, evidence regarding whether Walizer was

9   required to register as a sex offender must not be submitted to the jury.

10  **II.  Whether § 2260A is Unconstitutionally Vague**

11          It is established that a law fails to meet the requirements of the Due Process Clause if it is

12  so vague and standardless that it leaves the public uncertain as to the conduct it prohibits.  *City of*

13  *Chicago v. Morales*, 527 U.S. 41, 56 (1999) (*quoting Giacco v. Pennsylvania*, 382 U.S. 399,

14  402-403 (1966)).  The void-for-vagueness doctrine requires that a penal statute define the

15  criminal offense with sufficient definiteness that ordinary people can understand what conduct is

16  prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

17  *Kolender v. Lawson*, 461 U.S. 352, 357 (1983).  The more important aspect of vagueness

18  doctrine "is not actual notice, but the other principal element of the doctrine-the requirement that

19  a legislature establish minimal guidelines to govern law enforcement."  *Kolender* at 358;

20  (*quoting Smith v. Goguen,* 415 U.S. 566, 574 (1974)).

21          Walizer seems to believe that, in a hypothetical situation, a person not required to register

22  in State A, who lives in State A and is arrested in State A, might be charged under § 2260A

23  because he would have been required to register if his offense or domicile had been in State B.

24  *See* Motion to Dismiss (#25) at 4.  That interpretation of the statute is flawed.  Section 2260A

25  applies only to those offenders actually required to register, not to offenders who would have

26  been required to register had circumstances been different.  Either the sex offender is required to

27  register or he is not.

28          Walizer also argues that "[i]f the penal statute at issue is applied as it currently

4

1   reads, its potential reach is extensive."  Motion to Dismiss (#25) at 4.  This is not the case.

2          Section 2260A is limited to recidivist sex offenders who commit an additional felony

3   involving a minor.  In order to be prosecuted under the statute, a person must have already been

4   convicted of a sexual offense that required them to register as a sex offender.  Then, that person

5   needs to commit another sex offense, but not just any sex offense will do, it must be a sex

6   offense involving a minor under one of the enumerated sections.  The statute gives no room for

7   "policemen, prosecutors, and juries to pursue their personal predilections." *Smith v. Goguen*, 415

8   U.S. 566, 575 (1972); *accord Papachristou v. City of Jacksonville*, 405 U.S. 156, 171 (1972)

9   (admonishing against laws "making easy the roundup of so-called undesirables").  Instead, it

10  provides guidelines for imposing an increased penalty for recidivist sex offenders that target

11  children and minors.  In fact, § 2260A is far from vague; it is quite specific.

12  **III.  Mens Rea**

13         Walizer asks the Court to determine the elements and proof necessary for conviction,

14  including identifying the appropriate mens rea.  This is not necessary.

15         "We start, as always, with the language of the statute." *Dean v. United States*,

16  556 U.S. — ; 129 S.Ct. 1849, 1853; 173 L.Ed. 2d 785, 792 (2009) (*quoting Williams v. Taylor*,

17  529 U.S. 420, 431 (2000)).  Courts should "ordinarily resist reading words or elements into a

18  statute that do not appear on its face." *Dean* at 1853 (*quoting Bates v. Unites States*, 522 U.S.

19  23, 29 (1997)).  A plain reading of the statute identifies two conditions: (1) that the person be

20  required by Federal or other law to register as a sex offender; and (2) that the person commit a

21  felony offense involving a minor under one of the enumerated sections.  If those two conditions

22  are met, then the court must impose a sentence of ten years, consecutive to any sentence imposed

23  for the violation of the enumerated section.  If Congress did not require any specific intent, then

24  intent should not be read into the statute. *See Dean* at 1853.  No mens rea is required. *See Dean*

25  at 1853-56 (holding that the 10-year mandatory minimum applies if a gun is discharged in the

26  course of a violent or drug trafficking crime, even if the statute was silent as to mental state and

27  the discharge was an accident).

28

1

## RECOMMENDATION

2        Based on the foregoing and good cause appearing therefore,

3        IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the

4   Defendant's Motion to Dismiss or, Alternatively, Determine the Elements and Proof Required

5   For Conviction (#25) be **DENIED**.

6

## NOTICE

8        Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation**

9   **must be in writing and filed with the Clerk of the Court on or before  January 13,   2011.**

10   The Supreme Court has held that the courts of appeal may determine that an appeal has been

11   waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S.

12   140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified

13   time and (2) failure to properly address and brief the objectionable issues waives the right to

14   appeal the District Court's order and/or appeal factual issues from the order of the District Court.

15   *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708

16   F.2d 452, 454 (9th Cir. 1983).

17        DATED this   30th   day of December, 2010.

18

19

20   _____
                                  ROBERT J. JOHNSTON
21                                United States Magistrate Judge

22

23

24

25

26

27

28