UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>             Plaintiff,        )<br>                                     )<br>vs.                              )<br>                                     )<br>DARRYL OWEN WALIZER,  )<br>                                     )<br>             Defendant.     )<br>_____ ) | 2:10-CR-00124-PMP-RJJ<br><br>**FINDINGS OF FACT AND VERDICT** |

On February 17, 2011, a jury convicted Darryl Walizer of violating 18 U.S.C. § 2422(b) by using the Internet in an attempt to coerce or entice 14-year old "Alecia" - in reality a police detective named Tony Godwin - into engaging in an illegal sex act as charged in Count I of the Indictment. At sentencing, this Court found Walizer also in violation of 18 U.S.C. § 2260A which requires a court to impose a ten year consecutive sentence on any person who, while required to register as a sex offender, commits one of several enumerated crimes against a minor, as charged in Count II of the Indictment.

The United States Court of Appeals for the Ninth Circuit affirmed Walizer's conviction on Count I, but on stipulation of the Parties, concluded that this Court erred by "usurping the jury's role in determining that Walizer violated 18 U.S.C. § 2260A - irrespective of whether § 2260A defines a criminal offense or a sentencing enhancement." As a result, the Court of Appeals remanded Count II to this Court for trial.

On remand, Defendant Walizer waived trial by jury and the Parties consented to proceed to trial before the Court Sitting without a jury.  Trial was conducted on October 18, 2013 at which the testimony of a single witness, Special Agent Martin Yates was presented, and two exhibits, A & B, were received.

Defendant Walizer is charged in Count II of the Indictment with Commission of a Felony Sex Offense by an Individual Required to Register as a Sex Offender Pursuant to 18 U.S.C. § 2260A.  Specifically, Count II of the Indictment alleges that on March 12, 2010, the date of his arrest for the offense of Coercion and Enticement charged in Count I of the Indictment, Defendant Walizer had a prior conviction for Solicitation of a Juvenile to Commit a Felony in the state of Virginia, and a prior conviction for Importuning in the state of Ohio.  As a result of these prior convictions, Defendant Walizer was required by federal or other law to register as a sex offender.

The evidence adduced at trial before the Court establishes beyond a reasonable doubt that Defendant Walizer has been convicted of the offense of Coercion and Enticement charged in Count I of the Indictment.  The evidence before the Court also establishes beyond a reasonable doubt that prior to March 12, 2010, Defendant Walizer had suffered the convictions in Virginia and Ohio alleged in Count II of the Indictment.  The Court further finds beyond a reasonable doubt that at the time of his arrest on March 12, 2010, Defendant Walizer had previously, on February 1, 2010, registered as a Sex Offender with the Nevada Department of Public Safety, wherein he accurately stated his prior convictions in Virginia and Ohio. *See* Exhibit A.  The evidence at trial further establishes beyond a reasonable doubt that Defendant Walizer was required to register as a sex offender under Nev. Rev. Stat. 179.  In sum, the Court finds beyond a reasonable doubt that Defendant Walizer was required by the law of the State of Nevada to register as a sex offender,

and did commit the felony offense involving a minor under 18 U.S.C. § 2422, as charged in Count I of the Indictment.  As a result, the Court finds Defendant Walizer guilty of the offense charged in Count II of the Indictment.

**IT IS ORDERED** that this case is hereby restored to the Court's calendar for sentencing on **Monday, December 2, 2013 at the hour 9:00 a.m.**

DATED: November 25, 2013.

_____
PHILIP M. PRO
United States District Judge