# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:10-CR-00124-KJD-RJJ |
| v. | **ORDER** |
| DARRYL WALIZER, | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Turn Over Documents (#169). The Government filed a response in opposition (#171) to which Defendant replied (#172). The Court has read and considered the briefing of the present motion. The Court has also considered the underlying motions. Finally, the Court listened to the audio recording of the October 1, 2014 hearing on this same issue (no transcript of the hearing has been made and no written order followed the conclusion of the hearing).

Despite Defendant Walizer's written histrionics, there appears to be no uniform course of action by either the defense or the prosecution to deny Walizer the documents he seeks. At the October 1, 2014 hearing, Walizer sought three documents from his defense attorneys and the Government. First, Defendant sought a copy of his expert witness's report. The Court ordered his former attorneys to provide it to him. Apparently, a copy of the report was mailed to him. However,

Defendant claims that the report that he received was prepared by his expert Wayne Marney, but related to a different defendant. Second, Walizer sought a copy of the transcript from the oral arguments of his appeal before the Ninth Circuit Court of Appeals.  At the October 1, 2014 hearing, his counsel stated that no transcript had been made.[1] His trial counsel said that he would check to see if he had a rough transcript in the file and would send it to Plaintiff if he did. Apparently, no rough transcript was sent.

Accordingly, Plaintiff's motion as it relates to his trial and appellate counsel is granted in part. Counsel, both trial and appellate, are ordered to file notice with the Court no later than November 23, 2015 addressing these issues: 1) whether Defendant was sent a copy of his expert report; 2) whether Defendant was mistakenly sent a copy of the wrong report; 3) if a mistake was made whether it had been corrected by the time of the filing; and 4) whether a rough transcript existed.

Third, at the October 1, 2014 hearing, the Court ordered the Government to produce its forensic examiner's report to Defendant. The Government complied with the order. Defendant now complains that the two (2) page report is incomplete. Defendant asserts that the report references additional documents that were not contained in the report. Defendant's motion to compel production of the report is denied without prejudice. If Defendant wishes to renew the motion, he must: 1) attach as an exhibit a copy of the forensic examiner's report; and 2) detail which documentation it references, which would be in the Government's possession, that he wishes to have produced.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Turn Over Documents (#169) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that Jason Carr and Angela Dows file notice with the Court as ordered no later than November 23, 2015;

///

---

[1] His appellate counsel had sent him an audio CD of the hearing, but it was returned to her by Defendant's correctional facility.

IT IS FURTHER ORDERED that the Clerk of the Court serve this order on Jason Carr and Angela Dows;

IT IS FURTHER ORDERED that all other outstanding motions are **DENIED as moot**.

DATED this 23rd day of October 2015.

_____
Kent J. Dawson
United States District Judge