# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:10-CR-00124-KJD-RJJ |
| v. | **ORDER** |
| DARRYL OWEN WALIZER, | |
| Defendant. | |

Presently before the Court is Defendant's Motion for Turn Over Order of Case Documents (#175). The Government filed a response in opposition (#178). The Government then filed a Supplemental Response (#181) to which Defendant replied (#183/185).[1] Also before the Court is Defendant's Motion for a More Definite Response (#186). Finally, before the Court is Defendant's Motion for an Order Compelling Attorney Raquel Lazo to Respond (#187).

I. Defendant's Motion for Turn Over of Documents

Defendant has sought recovery of nine documents, or categories of documents, in his motion for turn over. Most of the requests are duplicative of documents in the case docket or are

---

[1] Defendant also filed a Motion to Extend Time (#184) which, good cause being found, is granted *nunc pro tunc*.

overreaching attempts to buttress his motion under 28 U.S.C. § 2255. In order to provide a clear and concise order, the Court will address each category or document as described by Defendant.

*1) All reports, chronological reports, and anything entailing documents describing Agent Yates' participation in Walizer's case, to include investigation and surveillance.*

This request by Defendant is an over broad request for materials with limited relevance, if any, to his claims under § 2255. The Court denies the motion as any relevant and discoverable materials were provided in pre-trial discovery.

*2) A copy of the Government's Expert Report on Walizer's computer examination, to include browser history; Yahoo session login/history.*

After contacting the Government's expert, the Government was provided a CD containing 300 documents and images. Some of those images may be child pornography. Additionally, the documents contain sexually explicit chat transcripts between Defendant and various persons, including undercover agents. Many of these on-line chat sessions were discussed in depth during Defendant's trial and are part of the trial transcript. Based on the pre-trial agreement between the Government and defense counsel, in which the Government agreed to make their expert available to the defense and defense counsel agreed not to call their expert witness, the Court finds that some of the 300 documents and images may be relevant. Accordingly, the Court orders the Government to provide the data for *in camera* review by the Court. The data may be provided either by CD or paper copy. Furthermore, the data shall not contain any images which are photographs or illustrations which are sexually explicit in any way. The Court will review the chat transcripts for relevance and duplication. Material which is irrelevant or duplicative of trial testimony will not be produced to Defendant.

///

///

///

///

*3) Any other analysis and/or further forensics* [sic] *examinations ever requested of and/or performed by SA Kwan, in relation to Walizer's case*;

This request by Defendant is an over broad request for materials with limited relevance, if any, to his claims under § 2255. The Court denies the motion as any relevant and discoverable materials were provided in pre-trial discovery.

*4-8) Docket entries 53, 58, 61, 63, 64*

These entries are matters of public record and part of the official Court record and need not be produced by the Government.

*9) Docket entry 73: Defendant's Sealed Ex Parte Proffer Regarding Defense Theory*

Though this entry is part of the record, the Court orders the Clerk's Office to mail Defendant a copy since the sealed, *ex parte* entry may not have ended up in his hands previously.

*Conclusion:* Defendant's Motion for Turn Over is granted in part and denied in part. The Government shall provide the expert documents to chambers for *in camera* review, in accordance with this order, within thirty (30) days of the entry of this order. The Clerk of the Court shall mail a copy of docket entry 73 to Defendant.  All other requests for production are denied.

II. Defendant's Motion for a More Definite Response or a Vaughn Index

Defendant's unopposed motion is granted but only to the extent that counsel Angela Dows shall have the option of either creating an index of the discovery and sending it to Defendant or merely sending the discovery to Defendant. Counsel may wish to warn Defendant if the discovery is voluminous so that he can request the appropriate permission from prison officials.[2]

III. Motion for Order Compelling Former Defense Counsel to Respond

Defendant seeks an order requiring his former defense counsel to respond to the Court's prior order regarding mislabeling of an expert report. However, it is clear from the response of the other

---

[2]Defendant used the term "Vaughn Index" which is a term of art used in Freedom of Information Act cases and is not applicable here.

3

counsel and the exhibits provided that there was no formal report prepared. It is unnecessary to require a response and the motion to compel a response is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Turn Over Order of Case Documents (#175) is **GRANTED in part and DENIED in part**;

IT IS FURTHER ORDERED that the Government provide the requested documents for *in camera* examination within thirty (30) days of the entry of this order;

IT IS FURTHER ORDERED that the Clerk of the Court mail Defendant a copy of Docket Entry 73: Defendant's Sealed Ex Parte Proffer Regarding Defense Theory;

IT IS FURTHER ORDERED that Defendant's Motion to Extend Time (#184) is **GRANTED nunc pro tunc**;

IT IS FURTHER ORDERED that Defendant's Motion for a More Definite Response (#186) is **GRANTED to the extent that Counsel Dows provide defendant with a copy of the discovery or an index within thirty (30) days of the entry of this order**;

IT IS FURTHER ORDERED that Defendant's Motion for an Order Compelling Attorney Raquel Lazo to Respond (#187) is **DENIED**

IT IS FURTHER ORDERED that Defendant's Motion for Leave to File Oversized Brief (#189) is **GRANTED**.

DATED this 11th day of May 2016.

_____
Kent J. Dawson
United States District Judge