# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DARRYL OWEN WALIZER,

    Defendant.

Case No. 2:10-CR-00124-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant's Motion for District Judge to Reconsider Order (#192). Also before the Court is Defendant's prior Motion for Turnover of Documents (#175).[1]

    First, Defendant claims to have newly discovered evidence that requires reconsideration of the Court's order that Defendant's trial defense counsel did not have to respond to a request for a report from Defendant's proposed expert. However, the evidence is neither authenticated nor new. The alleged emails between the defense expert and a relative of Defendants are not authenticated in any way. Therefore, they are inadmissable for purposes of this motion. Additionally, they are not newly discovered evidence. Defendant filed his motion for an order compelling Raquel Lazo to reply on February 12, 2016. The email correspondence occurred in February 2015. In order to meet the

---

[1] The Court previously ordered (#190) the Government to produce documents for *in camera* inspection.

"newly discovered evidence" requirement within the meaning of Rules 60(b)(2) and 59, parties must show the evidence: "(1) is truly-newly discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 n.45 (E.D. Cal. 2001); see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987). Failure to file documents in an original motion or opposition does not turn the late-filed documents into newly discovered evidence. See School Dist. No. 1J., 5 F.3d at 1263. Defendant has not met his burden in showing that the "evidence" is newly discovered.

Finally, the Court has reviewed the Government's *in camera* submission. Having read the fifty pages of chat transcripts and other documents, the Court finds that the information is either duplicative of the transcripts in the underlying trial or not material to the issues in Plaintiff's §2255 motion. Nothing in the chat transcripts could be construed as exculpatory in any fashion. Further, to the extent that Defendant is hoping to find evidence that shows he was actually innocent, because he was entrapped, there was no evidence in the documents provided *in camera* that would have supported such a defense. Further, it's hard to believe that a competent attorney would have pursued an entrapment defense in this case considering Defendant's criminal history. See United States v. Thomas, 134 F.3d 975, 978 (9th Cir. 1998)(prosecution must prove beyond a reasonable doubt that defendant was disposed to commit the criminal act prior to being approached by government agents). Therefore, no further turnover of documents will be required of the Government.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for District Judge to Reconsider Order (#192) is **DENIED**.

DATED this 18th day of April 2017.

_____
Kent J. Dawson
United States District Judge